Femi Bogle-Assegai appeals from a judgment of the district court that dismissed her civil rights complaint against the Connecticut Commission on Human Rights (“CHRO”) and Connecticut Assistant Attorney General Joseph A. Jordano. We assume the parties’ familiarity with the facts, prior proceedings, and their specification of issues on appeal.
The district court correctly dismissed Bogle-Assegai’s claims against Jor-dano because any misstatements he is alleged to have made were made in the course of defending the state against civil liability. Barrett v. United States, 798 F.2d 565, 573 (2d Cir.1986). Even if Jor-dano’s statements were “questionable or harmful,” the claims must be dismissed because “[t]he immunity attaches to his function, not to the manner in which he performed it.” Id.
Bogle-Assegai cannot maintain a claim for damages against CHRO, a state agency created by statute, see Conn. Gen. Stat. § 46a-52, unless the state has waived its right to sovereign immunity, or its immunity has been effectively abrogated by Congress. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Bo-gle-Assegai has not demonstrated either waiver or abrogation. She does, however, argue that she is entitled to press claims for declaratory and injunctive relief. See Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). This argument fails because although Bogle-Assegai stated in the jurisdictional section of her complaint that her action was for declaratory *72 and injunctive relief, she did not actually request any specific declaratory or injunc-tive relief.
Therefore, we affirm the judgment of the district court.